Robert W. WINKEL, Plaintiff–
Appellant,

v.

Geoffery HAMMOND, MD, Medical Di-
rector, Larned State Hospital, in his
individual capacity; Dilip Patel, MD,
Larned State Hospital, in his individu-
al capacity; John Doe, MD, Larned
State Hospital, in his individual ca-
pacity, a/k/a (FNU) Oleachea; John
Does, at least six unknown John Does,
security and other staff, Larned State
Hospital, in their individual capaci-
ties, Defendants–Appellees.

No. 14–3191.

United States Court of Appeals,
Tenth Circuit.

May 4, 2015.

Robert W. Winkel, Lansing, KS, pro se.

Before GORSUCH, McKAY, and
BACHARACH, Circuit Judges.

**ORDER AND JUDGMENT** *

MONROE G. McKAY, Circuit Judge.

After examining the briefs and appellate
record, this panel determined unanimously
that oral argument would not materially
assist in the determination of this appeal.
See Fed. R.App. P. 34(a)(2); 10th Cir. R.
34.1(G). The case is therefore ordered
submitted without oral argument.

Appellant Robert Winkel, a state prison-
er proceeding *pro se* and *in forma pauper-
is*, filed a 28 U.S.C. § 1983 action with the
United States District Court for the Dis-
trict of Kansas against numerous medical

personnel and staff at Larned State Hospi-
tal. He alleges that defendants all played
a role in involuntarily administering medi-
cation to him to make him competent to
stand trial, violating various constitutional
rights.

The district court examined Appellant's
claims and found them to be duplicative of
claims he raised in another action in the
same court, Case No. 5:13–CV–03103–
SAC, *Winkel v. Hammond, et al.* The
court dismissed the present action as frivo-
lous under 28 U.S.C. § 1915(e), and this
appeal followed.

Appellant agrees this action is essential-
ly identical to his first § 1983 case, which
he voluntarily dismissed without prejudice
in September 2013. In February 2014, he
filed a motion to reopen that case. While
the motion was being considered by the
district court, he filed this second action.
Appellant was apparently afraid the dis-
trict court would deny the motion to re-
open the action which he voluntarily dis-
missed in September 2013, and his time to
refile the dismissed action would elapse in
the meantime.

We review a district court's dismissal
under 28 U.S.C. § 1915(e) for an abuse of
discretion. See *Schlicher v. Thomas*, 111
F.3d 777, 779 (10th Cir.1997). After exam-
ining the briefs and the record in this case,
we agree it essentially duplicates claims
Appellant made in the earlier case filed in
June 2013, which is currently pending re-
view on the merits after the district court
granted Appellant's motion to reopen.
"Repetitious litigation of virtually identical
causes of action may be dismissed under
§ 1915 as frivolous or malicious." *McWil-
liams v. State of Colo.*, 121 F.3d 573, 574

* This order and judgment is not binding prece-
dent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It

may be cited, however, for its persuasive val-
ue consistent with Fed. R.App. P. 32.1 and
10th Cir. R. 32.1.

(10th Cir.1997) (internal quotation marks and brackets omitted).

We accordingly find no abuse of discretion in the district court's decision to dismiss Appellant's duplicative action, regardless of his reason for filing it, and **AFFIRM** the district court's dismissal of this case. The district court granted Appellant's motion to proceed *in forma pauperis* on appeal, and we remind him of his obligation to continue making partial payments until the entire filing fee has been paid in full. Appellant's "Motion to Compel" is **DENIED**.

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R.App. P. 32.1 and 10th Cir. R. 32.1.